IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TABATHA FRERKS,

                Plaintiff,                      OPINION AND ORDER

     v.                                            16-cv-536-wmc

DENIS M. WYSSBROD, TODD P. WOLF
ANDERSON O'BRIEN, SKRENES & GOLLA, LLP
ROBERT KONKOL, RICHARD FULLER,
and AMY JAHNKE,

                Defendants.

---

*Pro se* plaintiff Tabatha Frerks seeks immediate injunctive relief and damages from a judgment of foreclosure entered against her in state court. One of the documents that she attaches to her Emergency Motion for Immediate Restraining Order and Injunction purports to be a notice of removal of Portage County Circuit Court Case No. 2015CV000007, a state foreclosure proceeding. A district court is obligated to conduct limited screening to confirm that subject matter jurisdiction exists. *See Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citation omitted). In addressing any *pro se* litigant's complaint, the court must construe the allegations generously. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, however, the court plainly lacks subject matter jurisdiction to address the pending motion or the underlying merits of this lawsuit. Accordingly, the case will be dismissed.

1

FACTS

On July 28, 2016, defendant Denis M. Wyssbrod obtained a judgment of foreclosure against Frerks and her company, TC General, for parcels of land located in Portage County, Wisconsin.  Frerks also names as defendants:  Portage County Circuit Court Judge Todd P. Wolf, who entered the order permitting the state foreclosure action to proceed; Anderson O'Brien and Skrenes & Golla, LLP, Wyssbrod's law firms, both of which were involved in that proceeding; and Robert Konkol, Richard Fuller and Amy Jahnke, all attorneys working at those law firms.

The foreclosure action apparently arose out of the Frerks' failure to make monthly interest payments on a series of mortgage loans received from Wyssbrod.  Frerks now seeks an immediate stay of the state court's orders appointing a receiver and authorizing foreclosure.

OPINION

Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, this court's jurisdiction is limited only to "cases or controversies" that are "authorized by Article III of the [United States] Constitution and the statutes enacted by Congress pursuant thereto." *Buchel-Ruegsegger v. Buchel*, 576 F.3d 451, 453 (7th Cir. 2009) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  Given its limited jurisdiction, "[a] federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute."  *Morrison v. YTB Intern., Inc.*, 649 F.3d 533, 536 (7th Cir.

2011) (explaining that "subject-matter jurisdiction is a synonym for adjudicatory competence").

Because of the limits on federal judicial power, this court also has a duty to determine that subject-matter jurisdiction exists before reaching the merits of any case, even if the parties do not raise the issue. *See Buchel-Ruegsegger*, 576 F.3d at 453. Moreover, if a district court determines at any time that it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Generally, a federal district court has the authority to hear two types of cases: (1) those in which a plaintiff alleges a violation of his rights under the Constitution or federal law; or (2) those in which a citizen of one state alleges a violation of his or her rights under state law by a citizen of another state, provided the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331-32. According to the pleadings and exhibits, this case does not implicate a federal question, 28 U.S.C. § 1331, nor does it involve a suit by the citizen of one state against citizens of another, 28 U.S.C. § 1332.[1]

Even if federal subject matter jurisdiction *were* present, review would still be barred at this late stage of the state court foreclosure proceedings. To the extent that Frerks alleges injury arising out of a state court order entered against her, review of her allegations is severely constrained by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983). In particular, the *Rooker-Feldman* doctrine prevents a party

---

[1] Although it is also unclear from the notice of removal if the amount in controversy that exceeds $75,000, the court will assume that to be true for purposes of this order.

"complaining of an injury caused by [a] state-court judgment" from seeking redress in a lower federal court. *See Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Moreover, a litigant may not avoid the *Rooker-Feldman* doctrine simply by casting his complaint in the form of a civil rights action, as Frerks would appear to be attempting to do here. *See Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993). Instead, litigants who feel that a state court proceeding has violated their federal constitutional rights must appeal that judgment through the state court system, and then as appropriate to the United States Supreme Court. *See Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1990). There is no opportunity for a "reset" or "do over" at the federal district court level. *Id*.

Finally, Frerks' request for relief in this court from the state court judgment of foreclosure is precluded from review by a doctrine alternately called "abstention" or "non-intervention," which is based on traditional principles of "equity, comity, and federalism." *SKS & Assoc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts must "abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS& Assoc.*, 619 F.3d at 677 (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007)). Similarly, in *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943), and *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25 (1959), the Supreme Court counseled against a federal court sitting in diversity jurisdiction from interfering in a complex or important area of state law, in which a multi-party foreclosure action certainly falls. *Burford*, 319 at 331;

*Thibodaux*, 360 at 27; *see also Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) (counseling against a federal court interfering with a parallel state litigation).

For all these reasons, Frerks' complaint must be dismissed because it fails to articulate a valid basis for subject matter jurisdiction in federal court. Her recourse, if any at this late date, is in state court.

ORDER

IT IS ORDERED that:

1. Plaintiff Tabatha Frerks' Emergency Motion for Immediate Restraining Order and Injunction (dkt. #1) is DENIED.

2. This matter is DISMISSED without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Entered this 4th day of October, 2016.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge